FILED
CHARLOTTE, N. C.

JUL 2 2 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE AND STATESVILLE DIVISIONS
MISC. NO. 3:05 mc283

IN RE:   KENNETH B. DARTY        )
                                 )        O R D E R
                                 )
_____

THIS MATTER is before the Court <u>sua sponte</u> in response to a Complaint filed by the North Carolina State Bar on June 24, 2005 against Kenneth B. Darty, an attorney currently engaged in the practice of law in Statesville, North Carolina.   A copy of the subject Complaint is attached to, and incorporated, in this Order.

The Complaint alleges three "Claims for Relief" as the basis for the disciplinary action it seeks.   In essence, the First Claim alleges that Mr. Darty made false statements in open court to North Carolina Superior Court Judge Richard L. Doughton; the Second Claim alleges that Mr. Darty failed to file state or federal tax returns, or to pay taxes, for tax years 1998, 1999, or 2000; and the Third Claim alleges that Mr. Darty took an excessive and illegal fee from one of his clients (the entire value of her residence) without required disclosures and without paying the mandatory excise tax which was due upon recording of the deed.

The allegations in the Complaint filed by the North Carolina State Bar call into question Mr. Darty's integrity and suitability for the practice of law and, if proven true, will likely result in severe disciplinary action.   Accordingly, in the interest of the

administration of justice in the Western District of North Carolina, **IT IS HEREBY ORDERED**:

1.  Kenneth B. Darty is **SUSPENDED** from serving on the CJA panel, that is, from being appointed to represent indigent defendants in any case in the Charlotte or Statesville Division of the Western District of North Carolina. Mr. Darty's suspension shall continue until the allegations in the State Bar's Complaint are resolved, should the allegations be resolved in Darty's favor, he can be reinstated at that time.

2.  U.S. Magistrate Judge Carl Horn, III is directed to schedule a Status of Counsel hearing in <u>every</u> criminal case in the Statesville or Charlotte Division in which Mr. Darty is currently involved, whether Darty was retained or appointed. If Judge Horn concludes that the fair and proper administration of justice requires Mr. Darty's removal from further representation of a particular defendant, the amount of any fee which should be refunded to the client shall also be addressed.

3.  In addition to Mr. Darty and his current client(s), Claire J. Rauscher shall also be present at the Status of Counsel hearing(s) in her capacity as Executive Director of the Federal Defenders of Western North Carolina, Inc.

4.  The Clerk is directed to send copies of this Order to Kenneth B. Darty; Claire J. Rauscher; and all District and Magistrate Judges in the Western District of North Carolina.

SO ORDERED, this _____ day of July, 2005.

GRAHAM C. MULLEN
Chief District Judge



NORTH CAROLINA                                    BEFORE THE
                                        DISCIPLINARY HEARING COMMISSION
                                                      OF
WAKE COUNTY                              THE NORTH CAROLINA STATE BAR
                                                  05 DHC 27

| | |
|---|---|
| The North Carolina State Bar,<br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>Kenneth B. Darty, Attorney, )<br>Defendant )<br>) | **Complaint** |

The Plaintiff, complaining of the Defendant, alleges and says:

1.    The Plaintiff, the North Carolina State Bar, is a body duly organized under the laws of North Carolina and is the proper party to bring this proceeding under the authority granted it in Chapter 84 of the General Statutes of North Carolina, and the rules and regulations of the North Carolina State Bar promulgated thereunder.

2.    The Defendant, Kenneth B. Darty (hereinafter Defendant), was admitted to the North Carolina State Bar on April 22, 1994, and is, and was at all times referred to herein, an attorney at law licensed to practice in North Carolina, subject to the rules, regulations and Rules of Professional Conduct of the North Carolina State Bar and the laws of the State of North Carolina.

Upon information and belief, Plaintiff alleges:

3.     During all or a portion of the relevant periods referred to herein, Defendant was actively engaged in the private practice of law in the town of Statesville, Iredell County, North Carolina.

### FIRST CLAIM FOR RELIEF

4.     Paragraphs 1 through 3 are realleged and incorporated by reference as a part of this Claim for Relief.

5.     Defendant is a named party defendant in a civil action in Iredell County filed by Phillip Redmond, James Craven, Clarence Harris, Darren Campbell, and Ronald Lambert as plaintiffs, Iredell County file number 03CVS1909 (hereafter "*Redmond v. Darty*").

6.     At some time before September 2, 2003, Defendant had filed motions on his own behalf in *Redmond v. Darty*, including a motion to dismiss the Plaintiffs' complaint.

7.     On or about August 4, 2003, Defendant sent plaintiffs' counsel, Charles Viser and William Diehl with the Charlotte firm of James, McElroy & Diehl, notice of a hearing on his motions in Iredell County on September 2, 2003 before the Honorable Judge Richard L. Doughton.

8.     At the call of the court calendar on September 2, 2003, the Defendant moved to continue the hearing on his motions in *Redmond v. Darty*. In support of his motion to continue, Defendant represented to the court that he had engaged two attorneys to represent him in the proceeding, Stephen Ball and Teresa Hier.

9.      At that same proceeding and in further support of his motion to continue, Defendant represented to the court that he had the authority of Ball and Hier to enter their appearances as his attorneys of record.

10.      Both the representation that Defendant had engaged Ball and Hier to represent him and the representation that Defendant had the authority to enter their appearances as his attorneys of record in *Redmond v. Darty* were not true on September 2, 2003. Defendant knew that neither representation was true at the time he made it to the court.

11.      The court granted a continuance until September 29, 2003 on the basis of Defendant's false representations.

12.      After the continuance was granted, plaintiffs' counsel communicated with Ball and Hier. Both Ball and Hier informed plaintiffs' counsel that neither of them represented Defendant in *Redmond v. Darty*. Both Ball and Hier further informed plaintiff's counsel that neither had given Defendant any authority to enter their appearance as attorney(s) of record in the case.

13.      Ball and Hier both then wrote to the court before September 29, 2003 and advised the court that they were not appearing on behalf of Defendant in *Redmond v. Darty* and that they had not authorized the Defendant to enter their appearance because neither had agreed to represent the Defendant.

Therefore, Plaintiff alleges that the Defendant's foregoing conduct constitutes grounds for discipline pursuant to N.C. Gen. Stat. § 84-28(b)(2) as a violation of one or more of the following Revised Rules of Professional Conduct in effect at the time of the conduct in that:

(a)     By representing to the court that he had engaged Ball and Hier to represent him in *Redmond v. Darty* when he had not and, further, that he had their authorization to enter their appearance of record when he did not, Defendant made false statements of material fact to the court in violation of Rule 3.3(a) and engaged in conduct involving dishonesty, deceit, and misrepresentation in violation of Rule 8.4(c); and

(b)     By using the false representation that he had engaged Ball and Hier as his counsel as the grounds for a continuance of the hearing on his own motions, Defendant engaged in conduct prejudicial to the administration of justice in violation of Rule 8.4(d).

## SECOND CLAIM FOR RELIEF

14.     Paragraphs 1 through 3 are realleged and incorporated by reference as a part of this Claim for Relief.

15.     During calendar years 1998, 1999, and 2000, Defendant received sufficient income to require Defendant to file federal and state income tax returns and to pay federal and state income taxes.

16.     For each of these tax years, Defendant knew the deadlines for the filing of his federal and state income tax returns and payment of his tax liability.

17.     Defendant failed to file his individual federal income tax returns for tax years 1998, 1999, and 2000 at the time or times required by law.

18.     Defendant failed to pay his individual federal income tax liability for tax years 1998, 1999, and 2000 at the time or times required by law.

19.     Defendant failed to file his individual state income tax returns for tax years 1998, 1999, and 2000 at the time or times required by law.

20.    Defendant failed to pay his individual state income tax liability for tax years 1998, 1999, and 2000 at the time or times required by law.

21.    Defendant's failure to file the required federal and state income tax returns and pay the final tax liabilities on a timely basis for each tax year 1998, 1999, and 2000 was willful.

22.    Willful failure to file or pay a state income tax when due is a Class 1 misdemeanor under N.C. Gen. Stat. § 105-236(9). Willful failure to file or pay a federal tax when due is a misdemeanor under 26 USC § 7203.

Therefore, Plaintiff alleges that the Defendant's foregoing conduct constitutes grounds for discipline pursuant to N.C. Gen. Stat. § 84-28(b)(2) as a violation of one or more of the following Revised Rules of Professional Conduct in effect at the time of the conduct in that:

(a)    By failing to timely file the required federal income tax returns or timely make the required federal income tax payments, Defendant committed criminal acts that reflect adversely on his honesty, trustworthiness, or fitness as a lawyer in violation of Rule 8.4(b) and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 8.4(c); and

(b)    By failing to timely file the required state income tax returns or timely make the required state income tax payments, Defendant committed criminal acts that reflect adversely on his honesty, trustworthiness, or fitness as a lawyer in violation of Rule 8.4(b) and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 8.4(c).

## THIRD CLAIM FOR RELIEF

23.     Paragraphs 1 through 3 are realleged and incorporated by reference as a part of this Claim for Relief.

24.     On or about December 22, 2003, Defendant met with Robin May (hereafter "May"), a criminal defendant facing multiple charges, who was at the time incarcerated in Women's Prison in Raleigh, North Carolina.

25.     Defendant agreed to represent May with respect to the pending criminal charges at that meeting on December 22, 2003. Defendant and May signed a fee contract prepared by Defendant on December 22, 2003, a copy of which is attached to this Complaint as Exhibit 1.

26.     The fee contract, Exhibit 1, recites that the fee for representation is a flat fee, but does not specify the amount of the fee. The fee contract, Exhibit 1, also states that the fee is non-refundable.

27.     There is a dispute between Defendant and May concerning the amount of the fee for representation agreed upon on December 22, 2003. May contends the fee was $25,000.00 while Defendant contends that the fee was $50,000.00.

28.     In addition to the fee contract, Defendant had May sign an addendum to the contract by which May agreed to convey real property located at 145 Doubletree Lane in Statesville, North Carolina to Defendant for his representation, a copy of which is attached to this Complaint as Exhibit 2. May also signed a deed to the property prepared by Defendant conveying the property to the Law Offices of Kenneth B. Darty, PLLC, which is Defendant's law practice, a copy of which is attached to this Complaint as Exhibit 3.

29.    Defendant recorded the deed to the property, Exhibit 3, with the Iredell County Register of Deeds on December 23, 2003.

30.    At the time May conveyed the property, the value of the property was substantially more than Defendant's fee even if Defendant's contention concerning the amount of the fee is correct. The tax value of the property at the time was $84,650.00.

31.    Defendant agreed to pay May the difference between the value of the property and his fee less any costs of repairs.

32.    Defendant did not fully disclose to May in writing the terms and conditions with respect to the disposition of the property, including any agreement to pay May the difference between the value of the property and his fee less any costs of repairs, in a manner that could be reasonably understood by May.

33.    Defendant did not advise May in writing that she may want independent advice or give May a reasonable opportunity to seek independent advice before accepting the deed to May's property.

34.    Defendant did not pay May any amount for the difference in value between the property and his fee.

35.    Defendant reported or represented to the Iredell County Register of Deeds that no excise tax was due on the conveyance of the property from May to Defendant's law office at the time he presented the deed for recording, even though the transfer was for consideration, in violation of N.C. Gen. Stat. § 105-228.32. Defendant knew that he had given consideration for the deed. Willful failure to report or pay a state tax when due is a Class 1 misdemeanor under N.C. Gen. Stat. § 105-236(9).

Therefore, Plaintiff alleges that the Defendant's foregoing conduct constitutes grounds for discipline pursuant to N.C. Gen. Stat. § 84-28(b)(2) as a violation of one or more of the following Revised Rules of Professional Conduct in effect at the time of the conduct in that:

(a)   By obtaining the title to May's real property for payment of his fee without complete written disclosure to May of all of the terms and conditions of the conveyance and giving May an opportunity for review by independent counsel, Defendant obtained an adverse ownership interest in a client's property without full disclosure and consent in violation of Rule 1.8(a);

(b)   By failing to pay May for the difference in value between her property and his fee, Defendant charged or collected an excessive or illegal fee in violation of Rule 1.5(a);

(c)   By entering into a contract in which he termed the flat fee for his services to be non-refundable, Defendant made an agreement to charge an illegal or excessive fee in violation of Rule 1.5(a), made a false or misleading communication with his client in violation of Rule 7.1(a), and engaged in conduct involving deceit or misrepresentation in violation or Rule 8.4(c);

(d)   By failing to report or pay the excise tax on the conveyance of May's property to his law firm, Defendant committed a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in violation of Rule 8.4(b) and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 8.4(c).

WHEREFORE, the plaintiff prays that disciplinary action be taken against the Defendant in accordance with N.C. Gen. Stat. § 84-28 and § .0114 of the Discipline and Disability Rules of the North Carolina State Bar as the evidence on

hearing may warrant, that the Defendant be taxed with all costs permitted by law in connection with this proceeding, and for such other and further relief as is appropriate.

This the **24th** day of **June**, 2005.

_____
Henry Babb, Chair
Grievance Committee

_____
David R. Johnson
Attorney for the Plaintiff
The N.C. State Bar
P.O. Box 25908
Raleigh, N.C. 27611
919-828-4620
State Bar Number 8337

NORTH CAROLINA            )                    Law Offices of Kenneth B. Darty, PLLC
                          )                    210 E. Water St.
IREDELL COUNTY            )                    Statesville, NC 28677

## FEE AGREEMENT

Pursuant to our agreement my flat fee is _____, payable in advance unless otherwise agreed. The fee will be deemed "earned when paid," and is Non-Refundable.

Under our policy, my firm does not allow for monthly payments. Loaning money is what family and friends are for.

In setting the fee, I have considered the responsibility I have been asked to under take, the time and effort that I anticipate will be required, the difficulty of the legal and factual questions involved, the probability that my involvement in this case will limit my capacity to take on other cases, and other intangible factors.

The fee is not contingent on anything. Whether you plead guilty or not guilty, whether the case is terminated early by the prosecutor for lack of evidence, whether it becomes more difficult because of unanticipated events or undisclosed evidence, whether it is tried quickly or continued, whether you win or lose, the flat fee remains the same, _____.

In the unlikely event either of us feels it necessary to terminate this contract, I will file a motion with the court seeking to withdraw as counsel. Upon the motion being granted by the court, client understands that no money will be refunded, and all money paid is deemed "earned."

I will not accept any tainted money. A transfer of tainted money from you to me could be basis for a money laundering charge against both of us. You, the client, hereby agree that any funds paid to the lawyer were legally obtained.

The fee will cover one trial only. If there is a second trial on the same or different charges, I will have to charge an additional fee. Unless otherwise stated, all fees are for either District or Superior Court. I fully understand that Mr. Darty does not do any appellate criminal work and that this fee does not include any payments for appellate work.

If I have been court appointed to represent you or a family member and you desire to retain me, you will gain nothing that you do not already have-and that is my best efforts. I will not work any less because I am court appointed than I would if you retain me. You understand and agree that if I am paid a fee you (or the defendant) will have to sign a waiver of court appointed counsel. Also, upon payment of fees, I will not submit any fee application for payment from the state for court appointed counsel fees.

You understand that I cannot guarantee the results of any court proceeding and that I can guarantee only to give this matter my best efforts.

If any thing in this Agreement is unclear, please let me know and we will discuss it. If, however, you understand and agree please sign and return to me.

This the 22nd day of _December_, 2003.

x _Robin A. May_
Client

_Kenneth B. Darty_
Kenneth B. Darty

EXHIBIT
1

## ADDENDUM

I, Robin May, agree to Deed my property at 145 Doubletree Lane, Statesville, North Carolina to the Law Offices of Kenneth B. Darty, PLLC in exchange for representation of all pending charges in Rowan County and Iredell County. As well as all federal charges in the ~~middle district~~ dealing with weapons charges. ⌐ FRANKLIN CO - 29 FELONIES.          EASTERN DISTRICT

I ALSO AUTHORIZE KEN DARTY TO HANDLE CUSTODY ARRANGEMENT FOR MY NEW BORN. R.A.M.

_Robin A. May_
Robin May

DATE: 12-22-03

_Dante Butler Hayden_

My Commission Expires 10-7-2008.

EXHIBIT
2

**BOOK 1513**
**PAGES 357 - 358**
Iredell County, NC
Recorded 12/26/2003
No 5003-00193005
Brenda D. Bell, Register of Deeds    1 of 2 pages    11:20:31am

Tax Lot No. ....14-08X0800A025................ Parcel Identifier No. ..4713-56-1723...............
Verified by ........................................ County on the ........ day of ......................................
by ........................................................................................................................

Mail after recording to ....Kenneth B. Darty, PLLC..........................................

This instrument was prepared by ....The Law Office of Kenneth B. Darty, PLLC.............
Brief description for the Index

# NORTH CAROLINA GENERAL WARRANTY DEED

THIS DEED made this ...... day of ........................., ........ by and between

**GRANTOR**

Robin Allen May
145 Doubletree Drive
Statesville, NC 28677

**GRANTEE**

The Law Offices of
Kenneth B. Darty, PLLC
210 East Water Street
Statesville, NC 28677

Enter in appropriate block for each party: name, address, and, if appropriate, character of entity, e.g. corporation or partnership.

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in the City of ..Statesville.. ................, ..Shiloh............ Township,
....Iredell............ County, North Carolina and more particularly described as follows:

Map 14-08X08000A025
PIN 4713-56-1723

BEING ALL OF LOT NO. TWENTY FIVE (25) of MOUNTAIN ROAD VILLAGE
SUBDIVISION, PHASE II, as the same is platted, planned and recorded
at Plat Book 21, Page 72 and 72-A, Iredell County Registry, and
being the identical property conveyed from Ben Stikeleather and
wife, Nettie H. Stikeleather (also known as Kathryn H. Stikeleather)
by General Warranty Deed dated February 14, 1992 and recorded at
Deed Book 842, of Page 658, Iredell County Registry.

The property conveyed herein is SUBJECT TO Restrictive Covenants
set out in an instrument executed by Sun-Wood Energy, Inc. on
January 14, 1987 and recorded in Deed Book 743, Page 314, Iredell
County Registry.

No portion of any building lot fronting on Austin Lane shall be
used as a roadway to property outside of the Mountain Road Village,
Phase I and Phase II Subdivision.

N. C. Bar Assoc. Form No. 3 © 1976, Revised © 1977

EXHIBIT
3